UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 1:25cv21437 - CIV

PRUDENT INVESTMENT FUND SICAV SIF, a Luxembourg Specialized Investment Fund (In Liquidation), by and through its Foreign Representative and Liquidator, CEDRIC SCHIRRER,

    Plaintiff,

v.

JACOB GITMAN aka YAKOV B. GITMAN SR. or IAKOV GITMAN SR., an Individual, TECHNOCON INTERNATIONAL INC., a Florida for Profit Corporation, LGN INTERNATIONAL LLC, a Florida registered Foreign Limited Liability Company, and SINAI HOLDINGS LLC, a Florida Limited Liability Company,

    Defendants.
_____/

## COMPLAINT

COMES NOW, Plaintiff, PRUDENT INVESTMENT FUND SICAV SIF, a Luxembourg Specialized Investment Fund (In Liquidation) – sub fund Diversified Corporate Lending, by and through its Foreign Representative and Liquidator, CEDRIC SCHIRRER (hereinafter "Plaintiff"), and hereby sues Defendants, JACOB GITMAN aka YAKOV B. GITMAN SR. or IAKOV GITMAN SR., an Individual; TECHNOCON INTERNATIONAL INC., a Florida Registered Foreign Limited Liability Company; LGN INTERNATIONAL LLC, a Florida Limited Liability Company; and SINAI HOLDINGS LLC, a Florida Limited Liability Company, (collectively "Defendants"), and states the following in support thereof:

1

## JURISDICTION, PARTIES, AND VENUE

1. Original subject matter jurisdiction is conferred pursuant to 28 USC § 1332 based upon the diversity of citizenship of the parties and the amount in controversy as set forth herein.

2. The matter in controversy exceeds the sum or value of $75,000.00 exclusive of attorneys' fees, interest, and costs and is between citizens of a foreign state and citizens of a territorial state of the United States, thereby establishing original jurisdiction pursuant to 28 USC § 1332.

3. Plaintiff, PRUDENT INVESTMENT FUND SICAV SIF, is a Luxembourg Specialized Investment Fund (In Liquidation) – sub fund Diversified Corporate Lending proceeding by and through its Foreign Representative, CEDRIC SCHIRRER, acting as liquidator and court-appointed lawyer and resident of Luxembourg (hereinafter "Plaintiff" or "Liquidator").[1]

4. Defendant, JACOB GITMAN, aka YAKOV B. GITMAN SR. or IAKOV GITMAN SR. ("Defendant Gitman"), is an individual who, upon information and belief, is a resident of Miami-Dade County, Florida.

5. Defendant, TECHNOCON INTERNATIONAL INC. ("Defendant Technocon"), is a Florida for Profit Corporation whose principal place of business is in Miami-Dade County, Florida.

6. Defendant, LGN INTERNATIONAL, LLC ("Defendant LGN"), is a Florida registered Foreign Limited Liability Company whose principal place of business is in Miami-Dade County, Florida.

---

[1] This Complaint uses the term "Foreign Representative" as that term is defined in the United States Bankruptcy Code. A "foreign representative" is "a person or body appointed on an interim basis, authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding." 11 U.S.C. §101(24).

7. Defendant, SINAI HOLDINGS, LLC ("Defendant Sinai"), is a Florida Limited liability Company whose principal place of business is in Miami-Dade County, Florida.

8. To pierce the corporate veil, a party must allege a corporation is an (1) alter ego of its principals; and (2) was used to further improper conduct or to perpetrate a fraud. See *United States v. Bestfoods*, 524 US. 51, 62 (1998).

9. Defendant Gitman is sole member or shareholder of each company defendants, whereby each company is under the same address and registered agent, and whereby one company would also be the member of another company.

10. Defendant Gitman has created a web of companies which are controlled by him and the companies themselves, creating himself as the alter ego of each.

11. Defendant Gitman further broke corporate formalities by conducting improper conduct and perpetrating fraud when he omitted many of his and the companies outstanding liabilities, uncollectible indebtedness, judgments, litigation and threatened litigation thereby misrepresenting its true financial condition to Plaintiff in order to induce Plaintiff to execute Agreements and provide loans thereunder.

12. Further, Defendant Gitman would continue to provide an incorrect address as to not be found, so as to simultaneously avoid his corporate debt.

13. Venue is proper in this district under 28 U.S.C. § 1391 (b)(1), in the Southern District of Florida, because all of the Defendants reside or hold their principal place of business in this district and a substantial part of the events giving rise to the claims occurred within this judicial district.

## FACTUAL ALLEGATIONS

14. At all relevant times, Plaintiff was incorporated and organized as a public limited company under Luxembourg law with variable capital as a specialized investment fund.

15. Plaintiff made various loans to Defendants pursuant to multiple Master Loan Agreements and Operating Agreements (hereinafter "the Agreements"). True and correct copies of the Agreements are attached hereto and marked as **Composite Exhibits A**.

16. Pursuant to the referenced Agreements and in reliance upon Defendants' representations and disclosures, Plaintiff executed agreement of which the loans could amount to an aggregate sum of $35,000,000.00 in principal as follows:

    a    Technocon International, Inc. ($5,000,000.00)

    b    LGN International, LLC ($20,000,000.00)

    c    Sinai Holdings, LLC ($10,000,000.00)

17. As consideration for Plaintiff extending loans to Defendants, Defendants made express representations and disclosures required by the Agreements, including, but not limited to:

    a)    That Defendants' audited financial statements for the year prior to the executed date of the Agreements provided (i) true and fair view of Defendants' operations and state of its affairs; and (ii) accurately disclosed all of the Defendants' liabilities;

    b)    There had been no material adverse change in the Defendants' financial condition referenced in the previous paragraph; and

    c)    All information furnished by Defendants were true, accurate and correct in all material respects and did not contain anything untrue or omit any fact that would make information furnished misleading.

18. Pursuant to the Agreements, Plaintiff loaned Defendants the following amounts with accruing interest, and the Defendants made the following payments on these loans. *See* Loan and Payment Schedules attached hereto as **Composite Exhibit B:**

    a  Technocon International, Inc.

        i  Total Loaned Amounts: $10,001,720.84

        ii  Total Payments made: $6,775,000.00

        iii  Accruing Interest Rate: 17%

        iv  Remaining Balance: $13,994,664.37

    b  LGN International, LLC

        i  Total Loaned Amount: $11,752,088.25

        ii  Total Payments made: $3,979,892.68

        iii  Accruing Interest Rate: 16.50%

        iv  Remaining Balance: $ 24,038,718.82

    c  Sinai Holdings, LLC

        i  Total Loaned Amount: $8,501,420.95

        ii  Total Payments made: $9,181,078.00

        iii  Accruing Interest Rate: 17%

        iv  Remaining Balance: $ 2,534,991.56

19. To date, Defendants have failed to repay the principal and interest due and owing under those Agreements and has an outstanding balance of $40,568,374.75.

20. On or about March 6, 2019, Mr. Gitman sent a letter to Plaintiff whereby Defendant Gitman acknowledges debt from Technocon International under Master Loan Agreement 005-123116 and assigns liability to LGN International, LLC. *See* Letter attached hereto as **Exhibit C.**

21. In addition, Defendants omitted many of its outstanding liabilities, uncollectible indebtedness owed to Defendants, judgments, litigation and threatened litigation thereby misrepresenting its true financial condition to Plaintiff in order to induce Plaintiff to execute the Agreements and provide loans thereunder.

22. On August 23, 2024, Plaintiff made an attempt to resolve this debt and has sent letters of default to each Defendant. *See* Default Letters attached hereto as **Composite Exhibit D**.

23. On September 16, 2024, Defendant Gitman called undersigned counsel on behalf of Defendants and confirmed receipt of the certified letter and admitted that Defendants owed the stated amount of indebtedness to Plaintiff.

24. Defendants have failed to pay the remaining principal and accruing interest owed.

25. Consequently, Plaintiff commences this lawsuit and seeks judgment in its favor and against Defendants for the outstanding indebtedness, accrued interest, and attorneys' fees.

## COUNT I
## Breach of Contract

26. Plaintiff incorporates Paragraphs 1 - 25 of this Complaint as if fully set forth herein.

27. Plaintiff and Defendants entered into the written Agreements whereby Plaintiff would make loans to Defendants under certain conditions.

28. The Agreements were supported by valid consideration inasmuch as Plaintiff made direct loans to Defendants amounting to $30,255,230.04.

29. Defendants have failed and refused to pay the complete principal and interest due and owing to Plaintiff under the Agreements.

30. As a result of Defendants' failure to pay the principal and interest owed under the Agreements, Defendants have breached its obligations to Plaintiff.

31. Plaintiff has suffered and will continue to suffer damages proximately caused by the Defendants' breach of the afore-mentioned Agreements in the amount of $40,568,374.75.

WHEREFORE, Plaintiff, PRUDENT INVESTMENT FUND SICAV SIF, demands judgment in its favor and against the Defendants for damages in the sum of USD $40,568,374.75, and agreed upon interest, attorney's fees, and such other relief as this Court deems just and equitable.

## COUNT II
### Negligent Misrepresentation

21. Plaintiff incorporates Paragraphs 1 - 25 of this Complaint as if fully set forth herein.

22. In consideration for Plaintiff providing loans to Defendants, the Agreements required Defendants to make certain promises in the form of express representations and disclosures at the time of executing the Agreements and in advance of making any loans.

23. The required representations and disclosures from Defendants included, but were not limited to, that:

   a) Defendants' audited financial statements for the year prior to the executed date of the Agreements provided (i) true and fair view of Defendants' operations and state of its affairs; and (ii) accurately disclosed all of the Defendants' liabilities;

   b) There had been no material adverse change in the Defendants' financial condition referenced in the previous paragraph; and

   c) All information furnished by Defendants were true, accurate and correct in all material respects and did not contain anything untrue or omit any fact that would make information furnished misleading.

24. In addition, Defendants warranted that such representations and disclosures would continue to be correct and complied with so long as any sum remained payable under the Agreements.

25. The foregoing representations and disclosures were material and they were made by Defendants intending that Plaintiff would rely thereon in executing the Agreements and making the loans to Defendants.

26. However, Defendants deliberately and knowingly misrepresented its true financial condition by failing to disclose outstanding liabilities, uncollectible indebtedness owed to Defendants, judgments, litigation and threatened litigation.

27. In detrimental reliance upon Defendants' material misrepresentations, disclosures and/or omissions, Plaintiff executed the Agreements and made loans to Defendants and has thereby suffered damages.

WHEREFORE, Plaintiff, PRUDENT INVESTMENT FUND SICAV SIF, Demands judgment in its favor and against the Defendants for damages in the sum of USD $40,568,374.75, and agreed upon interest, attorney's fees, and such other relief as this Court deems just and equitable.

### COUNT III
### Unjust Enrichment

28. Plaintiff incorporates Paragraphs 1 - 25 of this Complaint as if fully set forth herein.

29. In the alternative, Plaintiff pleads an action for Unjust Enrichment.

30. Plaintiff made loans to Defendants in the aggregate sum of USD $30,255,230.04.

31. By virtue of providing Defendants with such substantial sums of money, a benefit was conferred upon Defendants by Plaintiff.

32. Defendants understood and accepted the benefit conferred by Plaintiff.

33. Defendants have been unjustly enriched at the expense of Plaintiff through Defendants' receipt of substantial sums of money belonging to Plaintiff and by Defendants' failure to repay Plaintiff the value of the benefit conferred.

34. Defendants agreed to pay interest on the benefit conferred.

35. Defendants have accepted and retained benefits under circumstances as alleged herein, which make it inequitable for Defendants to retain such benefits without paying the value thereof.

WHEREFORE, Plaintiff, PRUDENT INVESTMENT FUND SICAV SIF, demands judgment in its favor and against the Defendants for damages in the sum of USD $40,568,374.75, and agreed upon interest, attorney's fees, and such other relief as this Court deems just and equitable.

## COUNT IV
### Money Lent

34. Plaintiff incorporates Paragraphs 1 - 25 of this Complaint as if fully set forth herein.

35. Plaintiff made loans to Defendants in the aggregate sum of USD $30,255,230.04 which Defendants agreed to pay interest on.

36. Defendants owes Plaintiff the sum of USD $40,568,374.75 that is due with interest for money lent by Plaintiff to Defendants.

WHEREFORE, Plaintiff, PRUDENT INVESTMENT FUND SICAV SIF, demands judgment in its favor and against the Defendant for damages in the sum of USD $40,568,374.75 and agreed upon interest, attorney's fees, and such other relief as this Court deems just and equitable.

## COUNT V
## Account Stated

37. Plaintiff incorporates Paragraphs 1 - 25 of this Complaint as if fully set forth herein.

38. Before the institution of this action, Plaintiff and Defendants have business transactions between them and agreed to the resulting balance owed to Plaintiff through the Agreements.

39. On July 15, 2024, Plaintiff rendered statements to Defendants and Defendants did not object to the statements.

40. Defendants implicitly promised to pay Plaintiff the amount set forth in the statements,

41. Further, on August 23, 2024, Plaintiff sent a certified letter to Defendants demanding payment of principal and interest owed in the sum as of July 15, 2024.

42. On September 16, 2024, Defendant Gitman called Plaintiff on behalf of Defendants and confirmed receipt of the certified letter and admitted that Defendants owed the stated amount of indebtedness to Plaintiff.

WHEREFORE, Plaintiff, PRUDENT INVESTMENT FUND SICAV SIF, demands judgment in its favor and against the Defendants for damages in the sum of USD $40,568,374.75 and agreed upon interest, attorney's fees, and such other relief as this Court deems just and equitable.

Respectfully submitted,

By: _____
Michelle G. Gilbert, Esq.
Florida Bar No. 549452
GILBERT GARCIA GROUP, P.A.
*Attorney for Plaintiff*
2313 W. Violet St., Tampa, Florida 33603
Telephone: (813) 443-5087
emailservice@gilbertgrouplaw.com